HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NICHOLAS ALEXANDER,

        Petitioner,

   v.

UNITED STATES OF AMERICA,

        Respondent.

CASE NO. C12-1700RAJ

ORDER

This matter comes before the court on Respondent's motion to dismiss this case as untimely. Dkt. # 7. The court has reviewed the motion and Petitioner's response. For the reasons stated herein, the court GRANTS the motion and DISMISSES this case because Petitioner did not timely file his motion challenging his sentence. The court directs the clerk to enter judgment for respondent.

In July 2009, this court sentenced Petitioner after he pleaded guilty to conspiracy to commit securities fraud. The Ninth Circuit dismissed his appeal in a decision issued on February 28, 2011. *United States v. Alexander*, 416 Fed. Appx. 665 (9th Cir. 2011). Petitioner did not seek further appellate review. Instead, in October 2012, he filed a motion to vacate his sentence, invoking 28 U.S.C. § 2255(a).

Unless a petitioner relies on new Supreme Court law, relies on a statutory change, or cannot discover the basis for a petition in the exercise of due diligence, he must file a § 2255 motion within one year of the date on which his conviction becomes final. § 2255(f). In a case like this one, where the petitioner unsuccessfully appeals his

ORDER – 1

1  conviction, his conviction becomes final on the expiration of the time to file a petition for
2  certiorari to the Supreme Court.  *Clay v. United States*, 537 U.S. 522, 532 (2003).  By
3  rule, the time to file a petition for certiorari expires 90 days after the entry of judgment
4  (not issuance of the mandate) in the court of appeals.  Supreme Court Rule 13.  Thus, the
5  triggering date for the one-year bar applicable to Petitioner is May 29, 2012.  Petitioner
6  did not file his § 2255 motion until October 2012.

7  Petitioner presents no circumstances justifying equitable tolling of the one-year
8  bar.  An equitable tolling claim requires both proof that the petitioner "has been pursuing
9  his rights diligently" and that "some extraordinary circumstance" prevented timely filing.
10 *United States v. Buckles*, 647 F.3d 883, 889 (9th Cir. 2011) (quoting *Holland v. Florida*,
11 130 S. Ct. 2549, 2562 (2010)).  He was a co-defendant with his mother, Beverlee
12 Kamerling, and he insists that their counsel erred by not seeking a writ of certiorari on his
13 behalf when he sought one on her behalf.  He does not, however, suggest that counsel
14 misled him about his refusal to seek certiorari on Petitioner's behalf.  He does not suggest
15 that there was any impediment to him timely filing a petition for certiorari in the Supreme
16 Court.  More importantly, he offers no evidence at all to demonstrate that he could not
17 have filed his § 2255 motion before the one-year limitations period lapsed.

18 Petitioner did not timely file this action, and the court DISMISSES it with
19 prejudice.  The clerk shall enter judgment for Respondent.

20 Because the court finds that reasonable jurists would not debate the resolution of
21 this motion, the court declines to issue a certificate of appealability.  *See* Fed. R.
22 Governing § 2255 Proceedings, Rule 11(a); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

23 DATED this 2nd day of April, 2013.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Court Judge

ORDER – 2